**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 07-4180**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALBERTO SANMIGUEL, JR., a/k/a Alberto
Sanmiguel, a/k/a Big Albert,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:04-cr-00255)

─────────────

Submitted: September 24, 2007      Decided: October 11, 2007

─────────────

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alberto Sanmiguel, Jr., pled guilty to conspiracy to possess with intent to distribute marijuana and two counts of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841, 846 (2000). The district court found Sanmiguel was a leader or organizer of a conspiracy consisting of at least five members and therefore found a four-level enhancement to Sanmiguel's offense level was proper pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2005). The court sentenced Sanmiguel to 151 months' imprisonment, at the bottom of the applicable sentencing guidelines range, and Sanmiguel appealed. Finding no error, we affirm.

On appeal, Sanmiguel contests only the USSG § 3B1.1(a) enhancement. We review the district court's determination of the defendant's role in the offense for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). To qualify for a four-level increase under § 3B1.1(a), a defendant must have been "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." After reviewing the relevant materials, including the transcript of the sentencing hearing, we find no clear error in the district court's application of the four-level enhancement for Sanmiguel's leadership role.

Accordingly, we affirm Sanmiguel's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED